IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MERCEDES BENZ FINANCIAL SERVICES USA, LLC, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF CHICAGO, a municipal corporation, <br><br> Defendant. | Case No. _____ |

## COMPLAINT

Plaintiff, Mercedes Benz Financial Services USA, LLC ("MBFS"), by and through its undersigned counsel, for its Complaint against Defendant, City of Chicago, a municipal corporation (the "City"), states and alleges as follows:

### Introduction

1. MBFS's claims in this matter arise from the City's wrongful taking and conversion of a vehicle in which MBFS had a valid lien interest without providing MBFS with a meaningful opportunity to retrieve the vehicle. In particular, the policies and procedures adopted by the City to provide an opportunity for lienholders, like MBFS, to reclaim an impounded vehicle are arbitrary, capricious, and provide the mere illusion of due process prior to deprivation of the lienholder's rights and interests. As a result, the taking of the vehicle at issue in this matter constituted an unlawful taking in violation of the rights of MBFS.

### Parties

2. MBFS is a Delaware limited liability company, with its principal place of business in Farmington Hills, Michigan. MBFS is licensed and registered to conduct business within the

state of Illinois. MBFS is the captive financing company for Mercedes-Benz vehicles in the United States.

3. The City of Chicago is a municipal corporation established and existing in accordance with the laws of the state of Illinois.

## Jurisdiction and Venue

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1343 because the claims asserted by MBFS include issues concerning its federal civil rights under 42 U.S.C. § 1983. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 because the state law claims are part of the same case or controversy as MBFS's claims under 42 U.S.C. § 1983.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391, as all the of the events and omissions giving rise to the claims occurred in Cook County, Illinois, and the City is located in Cook County, Illinois.

## Facts Common to All Counts

6. On or about February 7, 2022, Mercedes-Benz of Chicago sold a 2021 Mercedes-Benz GLE53C4 with a VIN: 4JGFD6BB0MA320639 (the "Vehicle") to Ameena C. Garrett pursuant to a retail installment contract ("Agreement"). A true and correct copy of the Agreement is attached hereto as **Exhibit A.**

7. The terms of the Agreement included financing for the purchase of the Vehicle in the original principal amount of $99,883.42 and a security interest in the Vehicle to Mercedes-Benz of Chicago.

8. Mercedes-Benz of Chicago assigned its interests in the Agreement to MBFS on February 7, 2022.

9.      MBFS perfected its security interest in the Vehicle by noting its first-priority lien interests on the certificate of title for the Vehicle issued by the state of Illinois. A true and correct copy of the certificate of title is attached hereto as **Exhibit B.**

10.     On or about December 1, 2023, MBFS received notice by mail from the City of Chicago, Department of Streets and Sanitation, Bureau of Traffic Services, indicating that the Vehicle had been impounded on November 18, 2023 ("Notice of Impoundment"). A true and correct copy of the Notice of Impoundment is attached hereto as **Exhibit C.**

11.     The Notice of Impoundment states, in part:

> A lien holder or other person legally entitled to the vehicle may secure the release of the vehicle by paying all fees related to the immobilization, towing, and storage of the vehicle and providing a photo static copy of the conditional sales agreement and title, an affidavit stating that the purchaser is in default of said agreement and an indemnification certificate executed by an authorized agent of the lien holder.

12.     Importantly, per the Notice of Impoundment, only the "owner of an immobilized and/or impounded vehicle" is entitled to an administrative hearing as to a determination on "whether the immobilization or any subsequent towing and impoundment was erroneous." This request for an administrative hearing must be made within 21 days of the date of the Notice of Impoundment.

13.     Prior to the sale or disposition of the Vehicle, MBFS contacted the City of Chicago, Department of Finance per the contact information provided in the Notice of Impoundment to ascertain the documents and other requirements for MBFS to obtain the release of the Vehicle.

14.     The representatives for the City of Chicago were unable to confirm the exact substance or content of any documents required to obtain the release of the Vehicle and were unable to provide a statement as to the amounts owed for the release of the Vehicle.

15. No public form is published or provided by the City of Chicago for the use by a lienholder to secure the release of an impounded vehicle.

16. Other than the statements contained in the Notice of Impoundment, no further written direction or instructions for the release of an impounded vehicle to a lienholder is published by the City of Chicago.

17. Prior to the sale or disposition of the Vehicle, and on January 24, 2024, an authorized agent of MBFS tendered several original and notarized documents to the Department of Finance at one of the designated locations stated in the Notice of Impoundment, including: 1) Notarized Statement from MBFS authorizing the release of the Vehicle to its agent; 2) A Notarized Affidavit stating that Ameena C. Garrett was in default under the Agreement and providing certified copies of the Agreement and Certificate of Title; and 3) A Notarized Hold Harmless Statement from MBFS. A true and correct copy of the documents tendered to the City of Chicago on January 24, 2024, is attached hereto as **Exhibit D.**

18. The authorized agent for MBFS was ready, willing, and able to remit payment for all fees, fines, and costs due for the release of the Vehicle on January 24, 2024.

19. Despite providing the documents attached hereto as Exhibit D and attempting to pay the amounts demanded, the City of Chicago refused to release the Vehicle to MBFS.

20. The representative for the City of Chicago at the Department of Finance claimed that the documents were not sufficient to obtain the release for numerous previously undisclosed reasons, including: 1) MBFS needed to provide a "default letter"; 2) the Certificate of Title was not notarized; 3) the Agreement was not notarized; 4) the authorization letter was required to be on MBFS letter head; and 5) the hold harmless statement contained an abbreviation for MBFS.

21. While it was correcting and preparing an additional set of documents, MBFS was informed on or about February 22, 2024, that the City of Chicago disposed of the Vehicle on February 7, 2024.

22. MBFS is currently unaware of the location or condition of the Vehicle.

**COUNT I – REPLEVIN**

23. MBFS restates and incorporates by reference the facts stated in Paragraphs 1-22 of its Complaint above.

24. The Illinois Vehicle Code allows municipalities to take possession of a vehicle under certain circumstances, and the municipality may sell the vehicle at public auction following its satisfaction of specific notification requirements. The City failed to comply with these statutorily imposed requirements prior to its disposition of the Vehicle.

25. In particular, the Illinois Vehicle Code requires that notification by certified mail to the "registered owner, lienholder … shall be sent no later than 10 business days after the date the law enforcement agency impounds or authorizes the impounding of a vehicle." *See* 625 ILCS § 5/4-205(b).

26. The Illinois Vehicle Code also provides that at any time prior to the "public sale or [disposal of a vehicle] as provided in Section 4-208, the owner, lienholder or other person legally entitled to its possession may reclaim the vehicle by presenting to the law enforcement agency having custody of the vehicle proof of ownership or proof of the right to possession of the vehicle." *See* 625 ILCS § 5/4-207(a).

27. The Illinois Vehicle Code authorizes the disposal of an impounded vehicle only after "a period of 18 days after notice has been given under Sections 4-205 and 4-206 of this Code, if during that 18 days the possessor of the vehicle has sent an additional notice by first class mail to the registered owner, lienholder, or other legally entitled person." *See* 625 ILCS § 5/4-208(a).

28. The City of Chicago materially failed to comply with the requirements of the Illinois Vehicle Code, in the following manner:

   a. The City failed to provide the required notice by certified mail within 10 business days after impoundment as required;

   b. The Notice of Impoundment was materially deficient in that it failed to inform MBFS of the time and place of sale or what steps must be taken to reclaim the vehicle; and

   c. The City of Chicago refused to allow MBFS to reclaim the Vehicle despite providing proof of its right to possession of the Vehicle.

29. MBFS is lawfully entitled to possession of the Vehicle.

30. MBFS has demanded possession of the Vehicle, but the City failed and refused to tender possession to MBFS.

WHEREFORE, MBFS requests that the Court enter judgment in its favor with costs assessed, issue an order of replevin against the City of Chicago and in favor of MBFS for possession of the Vehicle, the value of the Vehicle if not delivered, actual damages for the wrongful detention of the Vehicle, and for any additional relief the Court deems necessary and appropriate.

**COUNT II – CONVERSION**

31. MBFS restates and incorporates by reference the facts stated in Paragraphs 1-30 of its Complaint above.

32. The City of Chicago materially failed to comply with the notice requirements of the Illinois Vehicle Code.

33. MBFS is lawfully entitled to possession of the Vehicle.

34. MBFS has demanded possession of the Vehicle, but the City failed and refused to tender possession to MBFS.

35. The City continues to wrongfully detain the Vehicle in contravention to the rights and interests of MBFS.

36. To the extent that the City has wrongfully sold or otherwise disposed of the Vehicle, MBFS is entitled to any proceeds obtained by the City from the sale.

37. MBFS has been and continues to be harmed by the wrongful actions of the City through the loss of its collateral and lien interests in the Vehicle.

WHEREFORE, MBFS requests that the Court enter judgment in its favor with costs assessed, an award of actual damages in an amount to be proven at trial or hearing, an award of reasonable attorneys' fees and costs, and for any additional relief the Court deems necessary and appropriate.

## COUNT III – TRESPASS TO CHATTELS

38. MBFS restates and incorporates by reference the facts stated in Paragraphs 1-30 of its Complaint above.

39. The City of Chicago materially failed to comply with the notice requirements of the Illinois Vehicle Code.

40. MBFS is lawfully entitled to possession of the Vehicle.

41. MBFS has demanded possession of the Vehicle, but the City failed and refused to tender possession to MBFS.

42. The City wrongfully detained the Vehicle in contravention to the rights and interests of MBFS.

43. To the extent that the City of Chicago wrongfully sold or otherwise disposed of the Vehicle, MBFS is entitled to any proceeds obtained by the City from the sale.

44. MBFS has been and continues to be harmed by the wrongful actions of the City through the loss of its collateral and lien interests in the Vehicle.

WHEREFORE, MBFS requests that the Court enter judgment in its favor with costs assessed, an award of actual damages in an amount to be proven at trial or hearing, an award of reasonable attorneys' fees and costs, and for any additional relief the Court deems necessary and appropriate.

## COUNT IV – 42 U.S.C. § 1983
## PROCEDURAL AND SUBSTANTIVE DUE PROCESS VIOLATIONS

45. MBFS restates and incorporates by reference the facts stated in Paragraphs 1-30 of its Complaint above.

46. Pursuant to the Fifth and Fourteenth Amendments to the Constitution of the United States of America, MBFS had a right and interest in the Vehicle which cannot be taken without due process of law.

47. The City of Chicago, by and through its unknown agents and representatives in the Department of Finance, and Department of Streets and Sanitation, Bureau of Traffic Services while acting under the color of law wrongfully exercised dominion and control over the Vehicle without providing actual due process of law to MBFS.

48. The violation of MBFS's constitutional rights arises from the policies and procedures enacted by the City of Chicago which provide its representatives and agents in the Department of Finance unreasonable and arbitrary discretion in denying a lienholder's attempts to reclaim impounded vehicles.

49. The violation of MBFS's constitutional rights also arises from the failure of the City of Chicago to enact appropriate policies and procedures establishing acceptable forms and processes for the acceptance of claim packets from lienholders for reclaiming impounded vehicles.

50. The City's actions violated MBFS's substantive due process rights guaranteed under the Fifth and Fourteenth Amendments.

51. The City's actions violated MBFS's procedural due process rights guaranteed under the Fifth and Fourteenth Amendments.

52. MBFS has been and continues to be harmed by the wrongful actions of the City due to the loss of its lien interest in the Vehicle.

53. MBFS is entitled to damages and attorneys' fees pursuant to 42 U.S.C. § 1988 due to Defendants' wrongful acts in violation of its civil rights.

WHEREFORE, MBFS respectfully requests that this Court enter judgment in its favor and against the City of Chicago with costs and reasonably attorneys' fees assessed, an entry of pre-judgment interests for an amount to be proven at trial or other hearing in this matter, and providing any further and additional relief as may be necessary and appropriate.

### COUNT V – 42 U.S.C. § 1983
### UNREASONABLE SEIZURE

54. MBFS restates and incorporates by reference the facts stated in Paragraphs 1-30 of its Complaint above.

55. The Fourth Amendment to the United States Constitution provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause …"

56. The violation of MBFS's constitutional rights arises from the policies and procedures enacted by the City of Chicago which provide its representatives and agents in the Department of Finance unreasonable and arbitrary discretion in denying a lienholder's attempts to reclaim impounded vehicles.

57. The violation of MBFS's constitutional rights also arises from the failure of the City of Chicago to enact appropriate policies and procedures establishing acceptable forms and processes for the acceptance of claim packets from lienholders for reclaiming impounded vehicles.

58. The City of Chicago, by and through its unknown agents and representatives in the Department of Finance, and Department of Streets and Sanitation, Bureau of Traffic Services while acting under the color of law wrongfully seized and disposed of the Vehicle.

59. At all times relevant, the City knew of the rights and interests of MBFS in the Vehicle.

60. The City of Chicago's refusal to allow MBFS to reclaim the Vehicle despite providing the necessary requested documents and ability to repay the demanded fees and costs is a violation of its rights guaranteed under the Fourth and Fourteenth Amendments of the Constitution.

61. MBFS has been and continues to be harmed by the wrongful actions of the City due to the loss of its lien interests in the Vehicle.

62. MBFS is entitled to damages and attorneys' fees pursuant to 42 U.S.C. § 1988 due to Defendants' wrongful acts in violation of its civil rights.

WHEREFORE, MBFS respectfully requests that this Court enter judgment in its favor and against the City of Chicago with costs and reasonably attorneys' fees assessed, an entry of pre-judgment interests for an amount to be proven at trial or other hearing in this matter, and providing any further and additional relief as may be necessary and appropriate.

Date: June 11, 2024 Respectfully submitted,

**MERCEDES BENZ FINANCIAL SERVICES USA, LLC**

By: /s/ Coleman J. Braun
Coleman J. Braun
Adams and Reese LLP
1600 West End Avenue, Suite 1400
Nashville, TN 37203
Tel: 615-259-1034
Fax: 615-687-1537
Email: cole.braun@arlaw.com
*Attorney for Plaintiff*